RE ESTATE OF C. E. BENTON.

STATE OF VERMONT, CLAIMANT.

May Term, 1894.

*State cannot recover fees paid for records not made.*

1. If a judge of probate or county clerk receives from individuals fees for the making of records, which it is by law his duty to make, but which he neglects to make, the state has no claim against him for the recovery of such fees.

2. Nor can the state create such a claim against his estate after his decease by legislative enactment that such records shall be made at the expense of the state, the expense to be recovered of his estate.

Appeal from a decree of the probate court for the district of Essex accepting the report of commissioners for the allowance of claims against the estate of C. E. Benton by which the claim of the state was disallowed. Heard at the

September term, 1893, Essex county, THOMPSON, J., presiding, upon an agreed statement of facts. Judgment for the defendant. The appellant excepts.

*Geo. N. Dale* for the defendant.

These fees were not paid by the state nor for its benefit. Therefore it has no interest in them and cannot maintain this action. *Wright* v. *Terry*, 23 Fla. 160; *Simon* v. *Brown*, 68 N. Y. 355; *Benton* v. *Larkin*, 13 Pac. Rep. (Kan.) 398; *Hendrick* v. *Lindsay et al.*, 93 U. S. 143; *Turk* v. *Vidge*, 41 N. J. 201; *Gamsby* v. *Rogers*, 47 N. Y. 233; *Merrill* v. *Green*, 55 N. Y. 270; *Vrooman* v. *Turner*, 69 N. Y. 280; *Carter* v. *Darby*, 15 Ala. 696; 50 Am. Dec. 156; *National Bank* v. *Grand Lodge*, 98 U. S. 123; *Wheat* v. *Rice*, 97 N. Y., 296; *Butterfield* v. *Hartshorn*, 7 N. H. 345.

*Bates & May* for the claimant.

The intestate received all these fees, not in his private capacity, but through his appointment from the state. They are paid because the state demands the amounts. The state charges itself with the duty of making those records and should be entitled to recover whatever sum it has been compelled to pay to make good the default of its agent, the intestate. R. L., ss. 4500, 4530, 4522, 4524, 819, 2015.

TAFT, J. The intestate was Clerk of Essex County and Judge of the Probate Court in the district of Essex. As such clerk and judge it was his duty to make, or cause to be made, the records of the proceedings of said courts. At the time of the death of the intestate in June, 1892, there was an accumulation of unrecorded papers, for the recording of which he had received payment. By Nos. 245 and 246 Acts of 1892, the legislature directed the then incum-

bents of the offices to record all unrecorded acts, orders, decrees and proceedings whatsoever, which had been left unrecorded by the intestate, so far as might be done, from the minutes and files in the respective offices, and directed payment for the making of such records. Section 5 of each act reads as follows :

"It shall be the duty of the Auditor of Accounts, for and in behalf of the State, to collect of the person, or the estate of the person, whose duty it was to have made and completed said records, all fees and sums of money collected and received by him as compensation or payment for the making of the records aforesaid."

The Auditor of Accounts presented the claim to the commissioners appointed to allow demands against the estate of the intestate. And the question before us is shall the claim be allowed. The statute R. L. s. 2115, provides that commissioners shall be appointed upon estates "to receive, examine, and adjust the claims and demands of all persons against the deceased." A claim proper to be allowed against an estate must be one, in the language of the statute, "against the deceased." The important question here is, can the state recover from a recording officer the fees paid him for making records in case he fails to make them. This question, in the case at bar, is not affected by the fact that the State caused the records to be made subsequent to the death of the intestate, for its right to recover must stand upon its right as it existed at the time of the intestate's death. If it recovers at all, it must recover its claim, if it had one, against the deceased, and of course must be such a claim as existed against him at the time of his death. It cannot recover against his estate, unless it could in his life time recover against him. Could the state have maintained an action against the deceased in his life time to recover the fees upon the ground that he had not made the records? We think not. The fees were paid him, and as against the state, were his absolute property ; he was under no liability,

either express or implied, to account for them to the state. What right the parties, who had paid for making the records, had, against the deceased, is a question not before us, and we express no opinion upon it. We see no ground upon which the plaintiff can recover and the

*Judgment is affirmed.*

Start, J., did not sit, being engaged in county court.